**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>LILLIE M. COLEY,<br><br>Debtor. | Case No. 25-22211 (JNP)<br><br>Chapter 7 |
| LILLIE M. COLEY,<br><br>Plaintiff,<br><br>v.<br><br>SHAWN CARTER,<br><br>Defendant. | Adv. Pro. No. 26-1210<br><br>Judge: Jerrold N. Poslusny, Jr. |

## MEMORANDUM DECISION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Shawn Carter (the "Defendant"), filed a motion (the "Motion"), seeking dismissal of a complaint (the "Complaint") filed by Lillie M. Coley (the "Debtor"). The complaint seeks relief pursuant to sections 548, and 550 of Title 11 of the United States Code (the "Bankruptcy Code"). For the following reasons, the Motion will be granted.

### Background

The Debtor filed a Chapter 7 petition for relief (the "Petition") on November 17, 2025 (the "Petition Date"). Case No. 25-22211 (the "Main case") Dkt. No. 1. Prior to the Petition Date, the Debtor had filed several actions against the Defendant in various other courts (the "Non-Bankruptcy Actions"). During those cases the Debtor was sanctioned by several courts and ordered to pay the Defendant's legal fees. Id. Several of the sanctions were reduced to judgments (the "Judgments") by the courts and recorded as liens against the Debtor's real property located at 630

Erial Road, Blackwood, New Jersey (the "Property"), between 2015 and 2022. Id. The Debtor sold the Property in December 2023, and the title company, National Title Agency, Inc. ("NTA"), held funds to satisfy those liens in escrow for 90 days to allow the Debtor produce warrants to satisfy the Judgments. When the Debtor was unable to produce such warrants, NTA disbursed $25,177.66 (the "Disbursements") from the proceeds to pay the Judgments. Id.

Following the Petition Date, the Debtor filed a complaint pursuant to sections 544, 548, and 550 of the Bankruptcy Code against NTA, as well as several attorneys who received payment from the Disbursements. The Court dismissed that complaint finding that the Debtor lacked standing, the claims were barred by collateral estoppel and Rooker-Feldman doctrines, and the complaint failed to state a claim (the "Prior Decision"). See Case No. 25-2500, Dkt. No. 56, -- B.R. --, 2026 WL 681214 (Bankr. D.N.J. Mar. 10, 2026).

The Trustee abandoned the estate's interest in any claim related to the funds held in escrow related to the sale of the Property, and all potential estate claims against the Defendant on April 28, 2026. Main Case Dkt. No. 108. Following abandonment, the Debtor filed this Complaint. Dkt. No. 1. The Complaint argues that the Judgments and resulting liens: (a) are void, (b) were entered by a court lacking personal and subject matter jurisdiction, and (c) based upon fraudulent statements made by the Defendant and his counsel. Nevertheless, the Complaint repeatedly states that the Debtor does not seek review of the Judgments, instead seeking only recovery of the Disbursements. Id. The Complaint alleges that the Defendant benefitted from the Disbursements because they were used to satisfy Judgments that were obtained by and for his benefit in the Non-Bankruptcy Actions. Id. The Complaint repeatedly states that its basis for recovery is that the Judgments were void, and "a void judgment cannot serve as the legal basis for" withholding and disbursing funds. Id. at 7. The Complaint also alleges that the Debtor was not the sole party liable on the Judgments, but was jointly and severally liable with Rymir Satterthwaite and Wanda

Satterthwaite (collectively, the "Satterthwaites") and so she should not have been responsible for the entire amount of the Judgments. Id. Ex. F. The Complaint seeks recovery of the $25,177.66 transferred to satisfy the Judgments. Specifically, the Complaint alleges the Disbursements were made with actual intent to hinder delay or defraud the Debtor's creditors (and the Debtor) pursuant to section 548(a)(1)(A); and further were constructively fraudulent pursuant to section 548(a)(1)(B) because they were made while the Debtor was insolvent and for less than reasonable equivalent value because the Debtor received nothing in return. Id.

The Motion argues the Complaint should be dismissed because it: (1) fails to state a valid legal claim; (2) is barred by the Rooker-Feldman and collateral estoppel doctrines; (3) fails to state a claim under sections 548 and 550 of the Bankruptcy Code; and (4) constitutes vexatious litigation. Dkt. No. 4. The Debtor's opposition (the "Opposition") argues that the claims are not barred by collateral estoppel or the Rooker-Feldman doctrine because the Complaint does not seek to reverse the Judgments or liens, but only to recover the Disbursements, and further that the Debtor properly pled a claim under sections 548(a)(1)(B) and 550. Dkt. No. 5.

After considering all arguments the Court is prepared to rule without a hearing. See D.N.J. LBR 9013-3(d)(2).

## Discussion

### A. Dismissal Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012, the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. In re Student Fin. Corp., 335 B.R. 539, 545 (D. Del. 2005) (citing Fed. R. Civ. P. 12(b)(6)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint

is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In re Magna Entm't Corp., 438 B.R. 380, 386 (Bankr. D. Del. 2010) (citing Iqbal, 556 U.S. at 678). "Determining whether a complaint is facially plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 678).

To evaluate a complaint in light of a motion to dismiss, the court must complete a two-part analysis to determine whether dismissal is proper. First, the court must "distinguish between factual allegations and legal conclusions in the complaint." Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley, 385 F. App'x. 135, 140 (3d Cir. 2010) (citing Phillips v. County of Allegheny, 515 F.3d 224, 233-34 (3d Cir. 2008)); Iqbal, 556 U.S. at 678-84). Second, if the complaint sets forth well-pleaded factual allegations, the court may assume their veracity and draw inferences favorable to the non-moving party, but then must determine whether the factual allegations show an entitlement to relief. Id.

B. Section 548 Fraudulent Transfer

Section 548 permits a trustee to avoid any transfer of an interest of the debtor in property that was made or incurred within two years before the date of the filing of the petition, if the debtor voluntarily or involuntarily:

> (A) made such transfer . . . with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

In re Rickard, 2006 WL 3859239, at *2 (Bankr. E.D. Pa. 2006) (quoting 11 U.S.C. § 548(a)(1)). "A fraudulent transfer claim has to be pled with specificity pursuant to Federal Rule of Civil

Procedure 9(b), made applicable by Federal Rule of Bankruptcy Procedure 7009." In re Millennium Lab Holdings II, LLC, 2019 WL 1005657, at *3 (Bankr. D. Del. Feb. 28, 2019). "The Supreme Court instructed that '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" M.G. v. Crisfield, 547 F. Supp. 2d 399, 407 (D.N.J. 2008) (quoting Twombly, 550 U.S. at 560). Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Millennium Lab, 2019 WL 1005657, at *3.

*Section 548(a)(1)(A) – Intentional Fraud*

Section 548(a)(1)(A) of the Bankruptcy Code permits the trustee to avoid a transfer if he can establish that: (1) the debtor had an interest in property; (2) a transfer of that interest occurred within [two] years of the filing of the bankruptcy petition; and (3) the transfer was incurred with actual intent to hinder, delay, or defraud present or future creditors. In re Actrade Fin. Techs. Ltd., 337 B.R. 791, 808 (Bankr. S.D.N.Y. 2005) (citing Balaber–Strauss v. Sixty-Five Brokers (In re Churchill Mortg. Inv. Corp.), 256 B.R. 664, 675 (Bankr. S.D.N.Y. 2000)). Crucially, "it is the intent of the transferor and not the transferee that is relevant for purposes of pleading a claim for intentional fraudulent conveyance under the Bankruptcy Code." Id. (citing cases); see also, Rickard, 2006 WL 3859239, at *2 (section 548 "requires that Plaintiff establish that Debtor transferred the property to Defendant with actual intent to hinder, delay, or defraud his creditors.")

However, because a party is unlikely to admit to a fraudulent intent, a court may "deduce fraudulent intent from all of the facts and circumstances of the case." Rickard, 2006 WL 3859239, at *2 (quoting Shubert v. Dawley (In re Dawley), 2005 WL 2077074, at *11 (Bankr. E.D. Pa. 2005)). Circumstantial evidence of a debtor's fraudulent intent may be established through the "badges of fraud." In re Swarthmore Grp., Inc., 667 B.R. 258, 276 (Bankr. E.D. Pa. 2025). Badges of fraud that courts generally consider in section 548 fraudulent transfer cases include: (1) the relationship between the debtor and the transferee; (2) consideration for the conveyance;

(3) insolvency or indebtedness of the debtor; (4) how much of the debtor's estate was transferred; (5) reservation of benefits, control or dominion by the debtor over the property transferred; and (6) secrecy or concealment of the transaction. Id. (citing 5 Collier on Bankruptcy ¶ 548.04; In re Zohar III, Corp., 631 B.R. 133, 174 (Bankr. D. Del. 2021)); see also, In re Fedders N. Am., Inc., 405 B.R. 527, 545 (Bankr. D. Del. 2009) (citing In re Hechinger Inv. Co. of Del., 327 B.R. 537, 551 (D. Del. 2005), aff'd sub nom. In re Hechinger Inv. Co. of Del., Inc., 278 F. App'x 125 (3d Cir. 2008)); Rickard, 2006 WL 3859239, at *2. The presence or absence of any single badge of fraud is not conclusive, and instead the Court is required to look at how many factors are present and the circumstances of the case. Fedders, 405 B.R. at 545 (citing In re Hill, 342 B.R. 183, 198 (Bankr. D.N.J. 2006)).

The Motion argues that the Debtor does not plead the elements of section 548(a)(1)(A) with the particularity required. Dkt. No. 4. Among other things, the Motion focuses on the fact that the Debtor has not pled the intent element with particularity. Id. As noted, the Complaint must allege that the intent of the transferor was to delay hinder or defraud creditors. Actrade Fin., 337 B.R. at 808. Yet the only allegations regarding intent relate to the Defendant transferee. There is not a single allegation regarding the Debtor's intent in the Complaint. See Dkt. No. 1. As such, count one of the Complaint fails to state a cause of action and must be dismissed. Significantly, although the Opposition dedicates significant time to section 548(a)(1)(B) (constructive fraud), it does not even reference section 548(a)(1)(A), and the only argument related to intentional fraud is that the Debtor's factual allegations must be accepted as true. See Dkt. No. 5. Nevertheless, in order to successfully bring this claim, the Debtor would have to allege that she intended to hinder, delay or defraud creditors by making the Disbursements. In considering circumstantial evidence of fraud, almost none of the badges of fraud are present in this case. As set out by the Complaint: (1) the Debtor has no personal relationship with the Defendant; (2) there was fair consideration for

the transfer – a dollar-for-dollar reduction in an antecedent debt; (3) the Debtor does allege she was insolvent at the time; (4) there is no indication in the Complaint as to the proportion of the Disbursements to the Debtor's overall assets; (5) the Debtor did not retain any control or ownership of the funds transferred; and (6) there was no concealment of this transaction. Indeed, the Court finds that there are no set of allegations which could plausibly satisfy this element of the claim because the Disbursements in this case were made as a result of liens against the Property following the Judgments. As such there are no set of facts which could be alleged to plausibly establish that the Debtor caused the Disbursements to be made with fraudulent intent, because the transfers were required by law. Therefore, count one of the Complaint is dismissed.

*Section 548(a)(1)(B) – Constructive Fraud*

Count two of the Complaint is brought under Section 548(a)(1)(B) of the Bankruptcy Code, which requires a party to show that: (1) the debtor had an interest in property; (2) a transfer of that interest occurred within [two] years of the bankruptcy filing; (3) the debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer; and (4) the transfer resulted in no value for the debtor or the value received was not "reasonably equivalent" to the value of the relinquished property interest. In re Fruehauf Trailer Corp., 444 F.3d 203, 210–11 (3d Cir. 2006) (citing 11 U.S.C. § 548(a)(1); BFP v. Resolution Trust Corp., 511 U.S. 531, 535, (1994)).

The Motion argues that the transfers were not made within the two-year window; the Debtor was not insolvent at the time of the transfers; and finally, that the Complaint cannot establish that the transfers were made for less than reasonably equivalent value. Dkt. No. 4. The Opposition responds arguing that the Complaint pleads each element properly, that the Disbursements were made within the two-year window, that the Debtor was insolvent at the time of the Disbursements, and that the Debtor received no value in return for the Disbursements. Dkt. No. 5.

Focusing on the final element, "[t]he term 'reasonably equivalent value' is not defined by the Bankruptcy Code." In re Aphton Corp., 423 B.R. 76, 89 (Bankr. D. Del. 2010). However, the Bankruptcy Code expressly includes "satisfaction . . . of a present or antecedent debt of the debtor" in its definition of "value." In re Opus E., LLC, 528 B.R. 30, 83 (Bankr. D. Del. 2015), aff'd sub nom. In re Opus E., LLC, 2016 WL 1298965 (D. Del. Mar. 31, 2016), aff'd sub nom. In re Opus E. LLC, 698 F. App'x 711 (3d Cir. 2017) (citing 11 U.S.C. § 548(d)(2)(A)). As such, courts have universally held that "when a transfer is made to pay an antecedent debt, the transfer may not be set aside as constructively fraudulent." Aphton Corp., 423 B.R. at 89. A "dollar-for-dollar reduction in debt constitutes - as a matter of law - reasonably equivalent value for purposes of the fraudulent-transfer statutes." In re SE. Waffles, LLC, 702 F.3d 850, 857 (6th Cir. 2012); see also, e.g., In re Wilkinson, 196 F. App'x 337, 343 (6th Cir. 2006); Opus E., 528 B.R. at 83. As such, because the Disbursements satisfied the Debtor's outstanding debt from the Judgments, the transfers were made for reasonably equivalent value as a matter of law and cannot constitute constructively fraudulent transfers. Therefore, count two of the Complaint is dismissed.

## Remaining Arguments

The Opposition raises several additional arguments, but none alter this Court's analysis. First, the Opposition notes that the Debtor was jointly and severally liable on the Judgments, and therefore, the Debtor argues, she overpaid, as her property was used to satisfy the entire amount. Dkt. No. 5. This argument is based on a misunderstanding of the law. "Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him, thereby forcing the debtor who has paid the whole debt to protect itself by an action for contribution against the other joint obligors." Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 412 (3d Cir. 1993). To the extent the Debtor argues she overpaid her share of responsibility for the debt, that remedy is

exclusively against the other parties with whom she was jointly liable. The paying party's solution is not a reimbursement from the creditor, but to "institute a separate action against [the co-obligor] for contribution or indemnity upon principles of restitution if it is ultimately held liable to [the creditor]." [1] Id. As such, this argument fails.

The Debtor argues that she is authorized to bring her claims pursuant to section 522(h) of the Bankruptcy Code. Section 522(h) specifies that a debtor may avoid a transfer only to the extent that "such transfer is avoidable by the trustee under section . . . 548." Because the Debtor cannot establish a claim under section 548 she cannot prevail under section 522(h). Therefore, this argument fails.

The Debtor also argues that the Judgments are not valid. Although the Debtor repeatedly states that she does not seek reversal or vacatur of the Judgments, the Complaint argues that the State Court lacked personal and subject matter jurisdiction to enter the Judgments, and the Opposition argues that the Judgments are disputed. Dkt. Nos. 1, 5. However, these arguments are unpersuasive. Regarding the issue of personal jurisdiction, a party that files a complaint necessarily submits herself to the personal jurisdiction of the court. Adam v. Saenger, 303 U.S. 59, 67–68 (1938). Further, the Previous Decision explained "a court may impose sanctions, despite lacking subject matter jurisdiction over a case, because the sanctions do not relate to the issue of jurisdiction or the merits of the case, but to the conduct of the party being sanctioned.") See Case No. 25-2500, Dkt. No. 56, -- B.R. --, 2026 WL 681214 at *4 (citing Willy v. Coastal Corp., 503 U.S. 131 (1992)). Finally, as detailed in the Previous Decision, the Court is barred by the Rooker-Feldman doctrine and collateral estoppel from revisiting the merits of the Judgments, and therefore, the validity of the Judgments cannot be the basis to find a fraudulent transfer. See id. As such, these arguments fail to alter the analysis discussed above.

[1] In fact, assuming the Debtor's allegations are accurate, the right to bring a contribution action against the Satterthwaites' may be an asset of the estate, which the Trustee may be able to pursue.

As such, dismissal is appropriate here because the Debtor failed to state a claim under section 548 of the Bankruptcy Code. Generally, "if a complaint is vulnerable to 12(b)(6) dismissal, a [court] must permit a curative amendment, unless an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)). A finding that leave to amend would be futile is proper when "the complaint, as amended, would fail to state a claim upon which relief could be granted." Lontex Corp. v. Nike, Inc., 384 F. Supp. 3d 546, 560 (E.D. Pa. 2019), aff'd, 107 F.4th 139 (3d Cir. 2024). "In determining whether [amendment] would be futile, the district court applies the same standard of legal sufficiency as [it] applies under Fed. R. Civ. P. 12(b)(6)." Id. In this case, the Debtor cannot allege any facts under section 548(a)(1)(A) because she is the transferor, and so cannot allege any facts that would reasonably entitle her to recover property. The Property was transferred as a result of judgments entered against her, so she cannot reasonably allege she intended to commit fraud, and even assuming she could, she could not then argue that she was entitled to recover the property she fraudulently transferred. Further, the Debtor cannot bring a claim under section 548(a)(1)(B) because a dollar-for-dollar reduction of an outstanding debt is by definition reasonably equivalent value. As a result, and for the reasons discussed, there are no set of allegations which can establish that payment of the Judgments was either intentionally or constructively fraudulent.[2] Therefore, Dismissal with prejudice is appropriate.

**Conclusion**

The Debtor has failed to state a claim for relief under section 548(a)(1)(A) or (B) of the Bankruptcy Code. The Complaint fails to make a single allegation related to the transferor's intent to hinder, delay, or defraud creditors, and therefore, fails to state a necessary element of a claim under section 548(a)(1)(A). Similarly, as a matter of law, a dollar-for-dollar reduction in an

[2] To the extent the Debtor argues that NTA was the transferor, this is not accurate as the funds were the Debtor's, but this Decision's reasoning would apply regardless.

antecedent debt is reasonably equivalent value and therefore the Debtor cannot establish that she received less than reasonably equivalent value, and cannot make out a necessary element of a claim under section 548(a)(1)(B). The Debtor's other arguments fail for the reasons discussed above. Finally, because these deficiencies cannot be cured, dismissal of the Complaint with prejudice is appropriate.

Dated: August 27, 2026

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE